# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2023

Lyle W. Cayce
Clerk

—————————

No. 22-10185

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Justin Ray Trammel,

*Defendant—Appellant*.

————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-111-1

————————————————————————————

Before Elrod, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Justin Ray Trammel brings a due process challenge to the district court's revocation of his supervised release. He argues the district court violated his due process confrontation rights by allowing hearsay statements from his brother, the alleged victim of Trammel's aggravated assault. Upon our review, we find no reversible error. Accordingly, we affirm.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10185

Trammel pled guilty to conspiracy to distribute at least 500 grams of methamphetamine and conspiracy to commit money laundering. He was sentenced to concurrent terms of 135 months in prison and five years of supervised release. Two months after supervision commenced, Trammel's probation officer sought to revoke supervised release, alleging Trammel violated the terms of his release by failing to submit to required drug testing, and—more relevant here—committing the Texas offense of aggravated assault with a deadly weapon.

The alleged aggravated assault stemmed from an altercation between Trammel and his brother. The brother stated to a responding officer that Trammel had swung a baseball bat at his head and threatened to kill him. But the brother later retracted those statements, saying he lied to have Trammel removed from the property. He also filed an affidavit of non-prosecution.

The district court held a revocation hearing where the Government sought to introduce a responding officer's bodycam footage and testimony to prove Trammel's involvement, which would incorporate the brother's allegations without calling him as a witness. The district court allowed the evidence, over Trammel's objection, concluding the reliability of the evidence outweighed Trammel's confrontation interest. Trammel presented his theory of the facts through the testimony of an investigator for the Federal Public Defender and cross-examination of his probation officer, both of whom testified that Trammel's brother recanted his prior statements. The district court found Trammel had committed the assault and revoked his supervised release.

Trammel contends the court erred in finding good cause to admit the hearsay statements. "A claim that the district court violated a defendant's right to confrontation in a revocation proceeding is reviewed de novo, subject

to harmless error analysis." *United States v. Jimison*, 825 F.3d 260, 262 (5th Cir. 2016).

The right to confrontation at a revocation hearing, which is rooted in due process rather than the Sixth Amendment, is "qualified" and the district court may make a finding of good cause to disallow confrontation. *Id.* at 261–62. "In evaluating good cause, the district court must weigh the defendant's interest in confrontation of a particular witness against the Government's proffered reasons for pretermitting the confrontation." *United States v. Minnitt*, 617 F.3d 327, 333 (5th Cir. 2010). The Government "may prevail in the balancing inquiry when the hearsay testimony has strong indicia of reliability." *Jimison*, 825 F.3d at 265.

Trammel is correct that generally, due to aggravated assault being a Grade A violation of supervised release, his confrontation interest was "heightened" because his brother's testimony "formed the core of the [Government's] case." *United States v. Alvear*, 959 F.3d 185, 189 (5th Cir. 2020). *See* U.S.S.G. § 7B1.1(a)(1). But his interest was diminished because he "had ample opportunity to refute the Government's evidence via methods other than cross-examination," through the testimony of the investigator and probation officer. *Minnitt*, 617 F.3d at 333–34. *See also Alvear*, 959 F.3d at 189 (finding a heightened interest "lessened" where defendant introduced the alleged victim's non-prosecution affidavit and another witness's testimony directly refuted one of the alleged victim's hearsay contentions).

Trammel's diminished interest does not outweigh the reliability of the evidence proffered at the revocation hearing. When it comes to determining the reliability of challenged hearsay statements, there is a spectrum of types of evidence that may be sufficient to meet the "strong indicia of reliability" standard. For example, the testimony of law enforcement officers alone is

unlikely to be enough. *See Jimison*, 825 F.3d at 265 ("We have further noted that allowing such testimony through a police officer can be particularly damaging in light of an officer's perceived credibility."). But hearsay in the form of scientific testing is generally considered highly reliable. *See id.* ("[W]e have rejected appeals challenging the hearsay recounting of lab results in revocation hearings.").

Considering the totality of the evidence presented at the revocation hearing, we agree that the hearsay statements have strong indicia of reliability. The hearsay statements in this case were supported by other evidence. Most notably, bodycam footage from the officers that responded to the disturbance call, which showed the brother's statements, his demeanor when he gave them, and his interaction with the officers. Video evidence "ordinarily is at the top of the evidentiary food chain." *Jimison*, 825 F.3d at 264. *See also Scott v. Harris*, 550 U.S. 372, 387–81 (2007) (recognizing that although courts must view evidence in the light most favorable to the nonmoving party at summary judgment, when that party's version is clearly contradicted by videotape evidence, the court instead views the facts "in the light depicted by the videotape"). And here the district court found the footage corroborated the Government's framing of events. Put simply, the district court did not err in finding good cause for forgoing confrontation because other evidence in the record indicated the statements had sufficiently strong indicia of reliability to overcome Trammel's interest in confrontation.

We affirm.